No. 98-185

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 281N

NANCY J. PETERSON,

Plaintiff and Appellant,

vs.

DON DALLAS d/b/a/ DALLAS LAND CO.,

BILL BAHNY, BOB BIEGLER, and

LORA J. KREIS,

Defendants and Respondents.

APPEAL FROM: District Court of the First Judicial District,

In and for the County of Lewis and Clark,

The Honorable Jeffrey M. Sherlock, Judge presiding.

COUNSEL OF RECORD

For Appellant

Harold H. Harrison, Royal Aubrey Davis, Helena, Montana

For Respondent:

G. Curtis Drake, Keller, Reynolds, Drake, Johnson & Gillespie, Helena, Montana (Don Dallas, d/b/a Dallas Land Company, and Bill Bahny); John E. Bohyer, Phillips & Bohyer, Missoula, Montana (Bob Biegler); Jennifer L. Scheinz, Helena, Montana (Lora J. Kreis)

Submitted on Briefs: August 13, 1998

Decided: November 17, 1998

Filed:

_____

Clerk

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

**¶1. Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases.**

**¶2. Nancy J. Peterson (Peterson) appeals from three orders entered by the District Court for the First Judicial District, Lewis and Clark County, dismissing all of her claims against the defendants, except for a breach of contract claim against Defendant Lora J. Kreis (Kreis). On December 18, 1997, the District Court entered final judgment on those orders pursuant to Rule 54(b), M.R.Civ.P. We affirm.**

**¶3. On June 21, 1990, Peterson purchased a house from Kreis, which was built by Kreis and her three sons. Don Dallas, d/b/a/ Dallas Land Co. (Dallas) was the Realtor, and Bill Bahny (Bahny) was Kreis' agent. Bob Biegler (Biegler) inspected the house. Before moving into the house, Peterson was informed of some problems, such as the fact that the structural support for the carport was sagging, and the water heater would probably have to be replaced. Within the first six months of moving into the house, Peterson discovered numerous other defects, including a hole**

in the living room wall, unfinished cabinets and closets, a depression under the washing machine that collects dirt, a toilet lid of the wrong color, inadequate air conditioning, lack of rain gutters, bad wiring on the meter base, poor drainage from the patio, loose fixtures, curtains that did not properly fit sliding glass panels, the absence of a ceiling in the pantry, bathtub enclosures that lack support, leaking bath enclosures, and gaps in the cathedral ceiling beams.

¶4. Peterson alleges that between 1991 and 1993, and with the help of the home inspector she hired to inspect the house in April 1993, she discovered additional defects. Among those defects, she claimed that she discovered that the carport was sagging due to inadequate support; that the plumbing was improperly installed in the upstairs bathroom, resulting in leaking water which saturated the basement walls and caused fungus to grow; and that it was necessary to rip out walls to replace an improperly installed hot water tank. Other defects included unlevel floors throughout the house, an improperly cut basement window, and improperly cut cathedral ceiling beams.

¶5. Subsequently, in June 1993, Peterson sued all the defendants for constructive fraud, Bahny, Kreis, and Dallas for fraud, and Kreis for breach of contract. On September 12, 1996, the District Court dismissed the constructive fraud claim against Kreis, ruling that it was not pled with sufficient particularity, and it dismissed all fraud and constructive fraud claims against Kreis that were based upon defects discovered in 1990 on the grounds that they were barred by the statute of limitations. By order dated September 9, 1997, the District Court held that all of Peterson's fraud and constructive fraud claims accrued no later than December 1990. Because the suit was not filed until June 1993, it accordingly held that all claims for fraud and constructive fraud were barred by the statute of limitations, and it granted the defendants summary judgment. The court additionally refused to rule on Peterson's motion to amend the complaint to replead the constructive fraud claim with sufficient particularity on the grounds that the order dismissing the constructive fraud claims rendered it moot.

¶6. On appeal, Peterson first contends that the court erred in holding that the statute of limitations barred her fraud and constructive fraud claims. Section 27-2-203, MCA, provides that actions for fraud must be brought within 2 years from the date the aggrieved party discovered the facts constituting the fraud. This 2-year statute of limitations also applies to actions for constructive fraud. Tynes v. Bankers Life Co.

(1986), 224 Mont. 350, 357, 730 P.2d 1115, 1120. Actual knowledge of the fraud is not necessary before a person may be deemed to have discovered the fraud. Rather, a person is deemed to have knowledge of the facts constituting fraud if she has notice or information of circumstances that would lead a prudent person to inquiry or action. Mobley v. Hall (1983), 202 Mont. 227, 232, 233, 657 P.2d 604, 606, 607. Whether a person has discovered the fraud is a question of law to be decided by the Court based upon the uncontroverted facts. Mobley, 202 Mont. at 233, 657 P.2d at 607.

¶7. In this case, we agree with the District Court that Peterson had discovered sufficient facts by December 1990 to cause her claims to accrue by that date. The facts are uncontroverted that Peterson had discovered substantial problems with her home within 6 months after purchasing it in June 1990. Moreover, the defects she discovered would have put a reasonable person on inquiry notice of the other defects she claimed she discovered after 1990. For example, Peterson claims she did not discover that the improperly installed plumbing in the upstairs bathroom had saturated the basement walls and caused fungus to grow on them until between 1991 and 1993. However, she admits discovering during her first 6 months that the upstairs bathtub leaked into the basement. This would put a reasonable person on inquiry knowledge as to the ultimate destination of the water. All the defects discovered after 1990 were either conspicuous, easily discoverable, or intrinsically related to the defects she discovered during 1990. Indeed, the sheer number of defects Peterson had discovered by December 1990, placed her on notice to investigate.

¶8. Peterson argues that her claims did not accrue until 1993 when the home was professionally inspected. She argues that only after that inspection did she realize the "extent of [the] defects or how they related to and were emphasized by other substantial defects." However, the failure to realize the significance of the defects does not toll the statute of limitations. Peterson is requesting a subjective application of the statute, which would effectively render any time limits void. Peterson cites no legal authority to support this position, and we reject her contention. Whether Peterson had inquiry notice of the defects is based upon an objective, reasonable person standard.

¶9. Additionally, there is no other basis for tolling the statute. Although Peterson claims she was lulled into believing that she had received "a lot of house for the

money" and that it had been inspected by a competent home inspector before she purchased it, no evidence was presented to show that the defendants took affirmative steps to conceal the defects from Peterson once she moved into the house.

¶10. Based upon the foregoing, we thus hold that the District Court did not err in holding that Peterson's claims for fraud and constructive fraud accrued by December 1990. Because she did not bring suit until June 1993, we hold that the court correctly held that her fraud and constructive fraud claims were time-barred.

¶11. Peterson next argues that the District Court erred in dismissing her constructive fraud claim against Defendant Kreis on the basis that the claim was not sufficiently pled. She argues that the claim was, in fact, pled with sufficient particularity. However, that issue is now moot in light of our holding that her claims for constructive fraud are time-barred.

¶12. Third, Peterson contends that the court erred in determining that it would defer ruling on her motion to amend the complaint until it had decided defendants' motions for summary judgment. Peterson had sought to amend the complaint to allege with greater particularity the constructive fraud claims against Kreis. We hold that the court did not err. Dismissing the claims as time-barred rendered Peterson's motion moot. In her reply brief, Peterson argues that if the court had allowed her to amend the complaint, she would have also included a claim for negligent misrepresentation. However, Peterson did not file a motion to add this claim. She only requested that the court allow her to amend the complaint to allege with greater particularity the claim of constructive fraud against Kreis. We hold that the court properly deferred ruling on her motion to amend pending its determination of whether the claims were barred by the statute of limitations.

¶13. Finally, Peterson argues that the court erred when it granted the defendants' motion for summary judgment prior to the completion of discovery. The time for discovery ended on October 17, 1997, but the court granted the summary judgment motions on September 9, 1997. She contends the court should have considered the depositions of all the defendants. In ruling on the motions, the court construed the evidence in the light most favorable to Peterson. It was Peterson's testimony in her deposition and her affidavit that supplied the best and most favorable evidence for determining the dates she discovered the defects and to support her argument that her claims had not accrued by December 1990. Peterson's suggestion that the

defendants' deposition testimony would have raised genuine issues of material fact to preclude summary judgment is illogical. **We hold that the court did not err when it ruled on the motions for summary judgment prior to the completion of the discovery period.**

**¶14. Affirmed.**

/S/ WILLIAM E. HUNT, SR.

We Concur:

/S/ JAMES C. NELSON

/S/ JIM REGNIER

/S/ TERRY N. TRIEWEILER

/S/ KARLA M. GRAY